U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

DEC 1 2 2012

CLERK, U.S. DISTRICT COURT
By_____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA § 
§
VS. § NO. 4:12-CV-640-A
§ (NO. 4:08-CR-131-A)
§
JOYCE M. SIMMONS §

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Came on to be considered the motion of movant, Joyce M.

Simmons, pursuant to 28 U.S.C. § 2255 to vacate, set aside, or

correct sentence.  Movant also included with the motion a

supplemental brief, with thirty-six exhibits attached.  The

government filed a response, and movant filed a reply with

additional exhibits attached.  Movant also filed a motion to

supplement her reply, and attached an exhibit to such motion,

which the court considered in its analysis of movant's § 2255

motion.  Having now considered all of the parties' filings, the

entire record of this case, and applicable legal authorities, the

court concludes that the motion should be denied.

I.

<u>Background</u>

Movant was charged with twenty-nine counts of preparing

false tax returns, in violation of 26 U.S.C. § 7206(2).  Movant

initially pleaded guilty to only one count of the indictment, pursuant to a plea agreement, but the court rejected the plea agreement, determining that it would not allow for punishment adequate to address movant's extensive criminal conduct.  Movant then pleaded guilty to six of the twenty-nine counts, pursuant to a second plea agreement.  The court reluctantly accepted the second plea agreement, still concerned that any sentence the court could impose would not adequately address movant's criminal conduct.  The court sentenced movant to thirty-six months imprisonment per count, to run consecutively to each other, for a total of 216 months imprisonment, plus a one-year term of supervised release for each count, to run concurrently.  Movant was also ordered to make restitution in the amount of $28,261,295.08, to be offset by any amounts collected by the Internal Revenue Service ("IRS") from the taxpayers for the tax returns prepared by movant during the relevant years.

Movant appealed, and her conviction and sentence were affirmed by the Fifth Circuit.  United States v. Simmons, 420 F. App'x 414 (5th Cir. 2011).  Certiorari review was denied by the Supreme Court, Simmons v. United States, 132 S. Ct. 227 (Oct. 3, 2011), and movant timely filed her § 2255 motion on September 11, 2012.

2

II.

## Grounds of the Motion

Movant asserted ten grounds for relief in her motion, all of them framed as ineffective assistance of counsel claims: (1) failure of counsel to seek reduction of her "excessive" sentence and failure to appropriately advise movant how to plead; (2) failure of counsel to "investigate veracity" of movant's financial affidavits and failure of counsel to argue that the discharge of her court-appointed attorney violated movant's rights under the Sixth Amendment; (3) failure of counsel to seek the advice and testimony of a forensic accountant and failure of counsel to depose key witnesses; (4) failure of counsel to file a motion for discovery; (5) failure of counsel to communicate to movant the terms of an additional plea offer; (6) failure of counsel to advise movant of the sentencing guidelines; (7) failure of counsel to investigate movant's "legal binding lease" for one of the tax years at issue and failure to obtain related information; (8) failure of counsel to investigate the obstruction of justice enhancement applied to movant; (9) failure of counsel to investigate movant's past criminal history; and (10) failure of counsel to object to the length, inequity, and disparity of movant's sentence and failure to argue that the

3

sentence amounted to cruel and unusual punishment.

## III.

### Analysis

A. Treatment of § 2255

After conviction and exhaustion of any right to appeal,

courts are entitled to presume that a defendant stands fairly and

finally convicted. United States v. Frady, 456 U.S. 152, 164

(1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir.

1991) (en banc). A defendant can challenge his conviction or

sentence after it is presumed final only on issues of

constitutional or jurisdictional magnitude and may not raise an

issue for the first time on collateral review without showing

both "cause" for his procedural default and "actual prejudice"

resulting from the errors. Shaid, 937 F.2d at 232. Section 2255

does not offer recourse to all who suffer trial errors, but is

reserved for transgressions of constitutional rights and other

narrow injuries that could not have been raised on direct appeal

but, if condoned, would result in a complete miscarriage of

justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir.

Unit A Sept. 21, 1981).

B. Applicable Legal Standards

To prevail on a claim of ineffective assistance of counsel,

movant must show that (1) counsel's performance fell below an
objective standard of reasonableness and (2) there is a
reasonable probability that, but for counsel's unprofessional
errors, the result of the proceedings would have been different.
Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).  In the
context of a guilty plea, to show prejudice requires movant to
show there is a reasonable probability that, but for her
attorney's errors, she would not have pleaded guilty but would
have gone to trial.  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Both prongs of the Strickland test must be met to
demonstrate ineffective assistance; however, both prongs need not
be considered if movant makes an insufficient showing as to one.
Strickland, 466 U.S. at 687, 697.  "The likelihood of a different
result must be substantial, not just conceivable," Harrington v.
Richter, 131 S. Ct. 770, 792 (2011), and a movant must prove that
counsel's errors "so undermined the proper functioning of the
adversarial process that the trial cannot be relied on as having
produced a just result."  Cullen v. Pinholster, 131 S. Ct. 1388,
1403 (2011) (quoting Strickland, 466 U.S. at 686)).  Judicial
scrutiny of this type of claim must be highly deferential,
"requires that every effort be made to eliminate the distorting
effects of hindsight," and requires movant to overcome a strong

presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because she has failed to meet the standard set forth by Strickland.

C.   None of Movant's Grounds Has Merit

1.   First Ground for Relief

Movant first claims that counsel "did not seek reduction of an excessive sentence, and failed to appropriately advise [movant] how to plead." Br. at 3. She believes that such failures caused her term of imprisonment to be extended by 140 months and caused restitution to be ordered in the amount of $28,261,295.08. Br. at 3.

Movant asserts that she was unaware that "she did not have to agree with the restitution amounts beyond the counts of conviction," but such a contention is contradicted by the record, which contains her own statements in open court indicating she fully understood the plea agreement and its implications regarding restitution. "Solemn declarations in open court carry a strong presumption of veracity," and the "representations of the defendant, his lawyer, and the prosecutor at a [plea] hearing, as well as any findings made by the judge accepting the

plea, constitute a formidable barrier in any subsequent collateral proceedings." <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977).  Signed, unambiguous plea documents also are "accorded great evidentiary weight." <u>United States v. Abreo</u>, 30 F.3d 29, 32 (5th Cir. 1994).

In signing her plea agreement, movant certified that she had read the agreement, she had "carefully reviewed every part of it" with counsel, and she fully understood it and voluntarily agreed to it.  Plea Agreement at 6.  Movant, through the agreement, also certified that she had:

> [T]horoughly reviewed all legal and factual aspects of this case with her lawyer and is fully satisfied with that lawyer's legal representation.  Defendant has received from her lawyer explanations satisfactory to het concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and the alternatives available to her other than entering into this agreement.

<u>Id.</u> at 4, ¶ 10.  In such agreement, movant agreed that the court could order restitution for "all amounts found by the Court to be due and owing," and that such amounts were "not limited to the amounts charged in the indictment." <u>Id.</u> at 3, ¶ 5.  In addition to her plea agreement, movant signed a factual resume which listed restitution among all the maximum penalties the court could impose.  Factual Resume, at 1.

At movant's rearraignment hearing, before the court accepted

her guilty plea, the court reviewed the plea agreement and factual resume with movant, and movant testified that she understood both documents, that she had discussed the legal meaning of the documents, and that she understood what each document meant from a legal standpoint before she signed it. Rearraignment Tr. at 41-42 (June 12, 2009).  The court specifically addressed the restitution issue with movant at her rearraignment to ensure that movant understood that the restitution amount was not limited to the amounts in the counts to which movant pleaded guilty, but could include all amounts the court determined to be "due and owing to the IRS."  Id. at 46-47. Movant assured the court that she understood, and that she knew what she was subjecting herself to.  Id.  Also, movant had received IRS Agent Shannon Dawson's ("Dawson") calculation of estimated loss before her rearraignment hearing, and the loss calculation was "fully explained" at such hearing, indicating that movant undoubtedly understood that restitution could amount to the full $28,261,295.08.  Simmons, 420 F. App'x at 418.  For movant to now claim that she did not understand she could be ordered to pay such restitution because her attorney failed to inform her is incredible and meritless.

Movant goes on to contend that counsel should have objected

to the legality of the restitution order or offered evidence
challenging the loss calculation.  Both such actions would have
been meritless and frivolous.  As discussed above, movant signed
the plea agreement and factual resume, and movant testified that
she fully understood the terms of the documents and knew she
could be ordered to make full restitution.  Such stipulations by
movant show that there was no legal or factual basis to sustain
an objection regarding legality of the order.  Failure to raise a
frivolous objection does not amount to ineffective assistance of
counsel.  Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994).
Furthermore, movant does not identify what evidence could have
been offered to challenge the loss calculation, or how any
evidence could have refuted such calculation.  Finally, the
record reflects that her attorney did object to the amount of
loss calculated; however, the fact that counsel's objection
failed does not establish ineffective assistance of counsel.
Youngblood v. Maggio, 696 F.2d 407, 410 (5th Cir. 1983).

     2.   Second Ground for Relief

Movant next contends (a) that counsel failed to "investigate
the veracity of financial affidavits" that movant had earlier
submitted to the court so that she could qualify for court-
appointed counsel, and (b) that counsel should have argued that

the court's discharge of her appointed counsel violated her
rights under the Sixth Amendment.   During movant's criminal
proceedings, the court determined that her financial affidavits
were fraudulent, that she had the means to retain counsel,
and, therefore, she had obtained indigent status on a fraudulent
basis.   See Hr'g Tr. (May 4, 2009).   The court then discharged
her appointed counsel.   One significant issue was movant's
ownership and transfer of a strip shopping mall property
("property").   She testified that she previously owned the
property, but that she sold it to her brother for $80,000.00 in
July 2008, even though the property was appraised at nearly
$1,000,000.00.   She claimed to have no income, although she
admitted she received revenue from the property until she sold
it, and she could not explain to the court what had happened to
the $80,000.00 or any other funds she had.   She further admitted
to receiving approximately $2,000.00 per month from her brother,
beginning in July 2008.

Movant fails to explain what her attorney could or should
have done to investigate the truthfulness of her affidavits, or
what evidence was available to refute the court's finding.   A
prisoner alleging failure to investigate "must allege with
specificity what the investigation would have revealed and how it

10

would have altered the outcome of the trial." <u>United States v.</u> <u>Green</u>, 882 F.2d 999, 1003 (5th Cir. 1989).  In her reply, movant claims that a "Notice of Protest" she filed on May 29, 2008 regarding the property, established her ownership of the property on that date, not a date after the purported sale, and was somehow relevant to the court's finding that movant's financial affidavit was fraudulent.  Reply at 4.  Such a contention has no merit and fails to show that a different outcome was likely. Likewise, movant identifies no argument her attorney could have made that the court's discharge of appointed counsel violated her Sixth Amendment rights.

     3.  <u>Third Ground for Relief</u>

    Movant next complains that counsel did not seek the advice or testimony of a forensic accountant or expert to analyze the tax returns used as exhibits, and did not ask for an expert witness at government expense.  Mot. at 7; Br. at 8.  Movant contends that such an expert's analysis and testimony could have presented mitigating evidence that would have resulted in a lower loss figure and lesser restitution burden for her.  However, because a decision as to whether a witness should be called "is a strategic trial decision," the Fifth Circuit "has held that complaints of uncalled witnesses are 'disfavored' as a source of

Strickland habeas review." United States v. Harris, 408 F.3d
186, 190 (5th Cir. 2005).  Assertions regarding what a witness
may have testified to or what evidence they may have been able to
provide are "largely speculative" and unreliable.  See Evans v.
Cockrell, 285 F.3d 370, 377 (5th Cir. 2002).  Specifically in the
context of expert witnesses, "unsupported claims regarding the
uncalled expert witness are speculative and disfavored" in the
context of ineffective assistance of counsel.  As the government
points out, movant provides no support or evidence for her theory
that an expert witness had something favorable to offer that
would have changed the outcome of her case.

    4.   <u>Fourth Ground for Relief</u>

Movant next faults her attorney for failing to file a motion
for discovery based upon her belief that the government withheld
favorable material evidence.  She claims that the government
withheld tax returns, withheld information from spreadsheets that
that Dawson used in the loss calculation, and that counsel should
have filed a motion to obtain such information.  She also
contends that the court included in the restitution order monies
that her taxpayer clients had repaid, and that counsel should
have objected.

The record again contradicts movant's claims.  At movant's
sentencing, the court specifically directed the parties to

propose language for the judgment that would ensure any amounts repaid by movant's clients would be credited against the restitution amounts movant owed.  Sentencing Tr., at 14-15.  When the court ordered restitution, it also provided that the "restitution payable by [movant] will be offset by any and all amounts collected by the Internal Revenue Service from the taxpayers for tax returns prepared by [movant] or any of her employees for the 2003-2007 tax years."  Judgment, at 5.  As the government points out, movant has provided no evidence demonstrating that any money repaid by her clients has not been credited against the restitution, or that her clients have even repaid any money.  Movant provides an exhibit indicating that an individual paid $50.00 to the IRS, but she provides no context and no additional information.  She provides a copy of her payment history report as of October 26, 2012, but such a report is of no consequence in her ineffective assistance of counsel claim.  She also provides no evidence of any information that could have refuted Dawson's calculations or altered the outcome of the proceedings.

     5.   <u>Fifth Ground for Relief</u>

Movant next contends that counsel failed to communicate the terms of another plea offer to movant; however, movant provides nothing to show that such a plea offer ever existed.  She relies

on a statement made by her attorney that when he and movant first discussed her case, he had the impression that her sentence would be twelve years, but "that did not go through because her court-appointed attorney was removed at the time. But I discussed that with the government, and we concluded that that was not fair based upon the guidelines either." Sentencing Tr. at 25-26. If such a plea offer had existed, movant contends that she would have pleaded guilty. However, there is no evidence that a formal plea offer was ever extended, only reports of negotiation between movant's attorney and the government to arrive at a plea agreement that would be accepted by the court. Further, movant must show that "there is a reasonable probability neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented." Missouri v. Frye, 132 S. Ct. 1399, 1410 (2012). Even if movant had brought forth evidence regarding a plea agreement, the record and evidence indicate that the court would have rejected it. The court considered rejecting movant's plea agreement for 216 months in prison, accepted it "with a lot of misgivings," and would not have accepted any plea agreement calling for a shorter sentence. Therefore, movant cannot demonstrate a reasonable probability that the outcome would have differed.

6.   <u>Sixth Ground for Relief</u>

Movant next claims that counsel failed to advise her appropriately about the impact of the sentencing guidelines, specifically the enhancements that were applied to her as a leader/organizer and for employing sophisticated means.  She asserts that her attorney did not explain how the guideline range may have been different if she opted to go to trial, and claims that she would have opted for trial had she known of the enhancements.  To establish an ineffective assistance of counsel claim in the context of a guilty plea, movant must show (1) that her attorney's advice to plead guilty was deficient enough to overcome the strong presumption of competence, and (2) there was a reasonable probability that, but for her attorney's errors, she would have opted for trial.  <u>Hill v. Lockhart</u>, 474 U.S. 52, 58-59 (1985).  Movant can show neither.

Once again, movant's claims are contradicted by the record, as she stipulated in the plea agreement and stated in court that she understood that she could receive a sentence of 18 years imprisonment.  In addition, movant's attorney described meetings with movant in which he explained to movant that if she pleaded guilty to six counts, he anticipated that the court would "give her every day of that even though [movant's attorney] would ask

15

the Court to be lenient." Sentencing Tr., at 26-27. The "full
amount" he was referring to was the 18-year sentence movant
eventually received. Id. at 27. Regardless of whether the
enhancements applied, movant knew she was facing the possibility
of 18 years in prison when she signed the plea agreement and
pleaded guilty in court. Furthermore, had movant not pleaded
guilty and been found guilty at trial, her guideline range would
have been higher, as the presentence report calculated a total
offense level of 38 and a criminal history category of II for an
advisory range of 262-327 months. Thus, movant cannot show that
there is a reasonable probability that, had her attorney
explained that the two enhancements could apply to her, that she
would have insisted on going to trial.

    7.   <u>Seventh Ground for Relief</u>

    Movant's next ground contains arguments that counsel failed
to investigate various matters pertaining to her income and the
court's finding that she falsified financial documents to obtain
<u>in forma pauperis</u> status. She claims counsel "failed to
adequately prepare an objection" to movant's tax liability for
2006 because she claimed her business was leased to a third party
that year and that counsel "at a minimum," could have presented
the lease agreement. However, movant had previously raised a

similar argument unsuccessfully at sentencing and on appeal, with the Fifth Circuit noting that the court was aware of movant's argument that the business was leased, but that the government's investigation had revealed that movant maintained control of the business despite the lease. Movant points to no specific evidence that could discredit the government's investigation or the court's findings. For example, the government notes that movant claims the lessees and movant's property manager could have been witnesses, but she offers only bare assertions, and fails to offer any supporting documents such as affidavits or similar statements from such individuals.

Movant also contends that her attorney should have obtained information such as the agreement to sell the property to her brother, which she asserts would have shown that the sale was in good faith. She asserts that her attorney could have done some kind of investigation to prove that the fraudulent financial affidavits she provided to the court were not, in fact, fraudulent. She faults her attorney for failing to object to the court incorporating more than $250,000.00 into her 2006 income, even though her tax return for that year showed an adjusted gross income of $15,695.00. Plus, the court was well aware of the contents of such tax return, and determined that there were

17

falsifications.  She complains that her attorney did not
investigate and discover that the interest income attributed to
her was in the name of another business, not movant's name, even
though movant showed income from such business on her tax return.
All of these contentions are meritless, and many represent an
attempt by movant to dispute the court's finding that she
fraudulently conveyed the property to her brother, that she
presented false financial documents, and that she had
fraudulently obtained in forma pauperis status.  None of these
contentions can show that her attorney's performance was
objectively unreasonable, or that she was prejudiced by such
performance.

    8.   Eighth Ground for Relief

    Movant next complains that her attorney failed to
investigate the obstruction of justice enhancement applied to her
by failing to request that the court take judicial notice of a
Notice of Protest she filed on May 29, 2008, prior to the
commencement of criminal proceedings against her.  She contends
that by not presenting such notice, the court erroneously
believed that she had filed the notice after selling the property
to her brother and such an erroneous belief led to the finding
that she fraudulently transferred the property.  All such a

document could potentially show is that movant owned the property as of May 29, 2008; it provides nothing to indicate that movant did not still own the property at a later date.  Movant provides nothing that can show that counsel's performance was deficient or that she was prejudiced.

       9.   <u>Ninth Ground for Relief</u>

Movant contends that her attorney was deficient in failing to investigate movant's criminal history, as movant committed her offenses while on deferred adjudication and was therefore assessed two criminal history points.  As the government points out, movant previously raised this argument on appeal, and the Fifth Circuit determined that such argument lacked merit, was refuted by the record, and that there was no error, "plain or otherwise" in applying the two criminal history points.

     10.   <u>Tenth Ground for Relief</u>

In movant's tenth and final ground, she attempts to frame her complaints about her sentence as claims for ineffective assistance of counsel, contending that counsel did not object to the reasonableness of the sentence, or the "inequity and disparity" of the sentence.  She also contends that counsel was "deploring" her crime and advocating for the maximum sentence, and that counsel failed to argue that the sentence amounted to

cruel and unusual punishment.  All of these contentions are
meritless.  As the government correctly points out, movant's
attorney was "desperately trying to persuade this Court to accept
the plea agreement," bearing in mind that the court had already
rejected the previous plea agreement, and the court was
expressing serious doubts as to whether this plea agreement was
adequate to address movant's conduct.  Thus, counsel's advocating
for the maximum sentence was arguably the best strategy movant
could have hoped for, as there was a reasonable possibility that
the court could reject the agreement, and movant would have been
forced to plead guilty to more counts of the indictment or go to
trial on all twenty-nine counts.  Clearly, counsel's strategy
falls well within the range of professional representation.

D.   Additional Motions Filed by Movant

Movant has also filed (1) motion for counsel, forensic tax
expert and restitution balance;[1] (2) motion to supplement
movant's reply; and (3) motion for in forma pauperis status to
receive a copy of the docket without cost.  First, movant's
motion for counsel and forensic tax expert should be denied.
Second, the court has already taken the contents of the motion to

---

[1] The docket indicates that a copy of movant's payment history was mailed to her, which renders
the request for her restitution balance moot.

supplement into account in the court's consideration of movant's § 2255 motion, and therefore the motion to supplement should be granted.  Third, movant's motion for in forma pauperis status to receive a copy of the docket without cost should be denied.  It is unclear exactly what movant is seeking in such motion, whether the docket she seeks is related to her criminal case, § 2255 motion, or both.  Further, in forma pauperis status does not entitle a litigant to free copies of court documents.

IV.

ORDER

Therefore,

The court ORDERS that the motion of Joyce M. Simmons to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

The court further ORDERS that the movant's motion for counsel and forensic tax expert be, and is hereby, denied.

The court further ORDERS that movant's motion to supplement her reply be, and is hereby, granted.

The court further ORDERS that movant's motion for in forma pauperis status to receive a copy of the docket without cost be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED December 12, 2012.

_____
JOHN McBRYDE
United States District Judge